## JOHNSTON v. TURNBULL.

### (Circuit Court of Appeals, Third Circuit. June 13, 1904.)

#### No. 23.

1. MASTER AND SERVANT—STEVEDORES—INJURIES—DEFECTIVE APPLIANCES.
   Where a chain used in unloading a vessel, the breaking of which caused the death of a stevedore, had been subjected both to test and inspection shortly before the injury, and did successful service for at least one day before it broke, evidence of two expert witnesses that in their opinion a crack must have been present in the chain, and could have been seen by a careful observer, was insufficient to establish that the chain was dangerously defective at the time it was inspected.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 124 Fed. 476.

130 F.—49

J. H. Brinton, for appellant.
Henry R. Edmunds and J. Parker Kirlin, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. This is an appeal from a decree in admiralty dismissing the libel of Margaret Johnston, widow of Michael Johnston, by which she sought an award of damages to compensate her for the loss resulting to her from his death. He, with others, had been employed to unload a cargo of iron from the steamship Fairmead, and while he was engaged in that work a chain which was used to hoist the loaded buckets broke or parted, and a filled bucket which was attached to it fell back into the hold of the vessel, where Johnston was, and so injured him that he soon after died. These facts were undisputed, but they, of course, did not suffice to support the libel. The gravamen of the cause rested in the libelant's averment that those who were in charge of the Fairmead had not exercised due care to provide a reasonably safe chain; and the only substantial question was as to whether the truth of that averment had been established by the weight of the evidence. The learned district judge found that it had not been, and we have independently arrived at the same conclusion. There was evidence that this chain had been subjected both to test and inspection shortly before it was put to the use for which, after at least one day of successful service, it proved to be unfit. That the test was not made with especial reference to the occasion in question is immaterial. It is enough that it was in fact made, and that it was amply adequate to warrant the belief that the chain was not dangerously defective. The testimony of two witnesses that they had carefully inspected it was consonant and positive, and we think the court below was clearly right in refusing to discredit them because two persons whom the libelant called as experts testified that, in their opinion, a crack must have been present, which could have been seen by a careful observer.

No useful purpose would be subserved by reviewing the evidence in detail. Its attentive consideration has satisfied us that it did not sustain the essential charge of negligence, and nothing further need be said of it.

The decree of the District Court is affirmed, with costs.